Wesley C. **PARKER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20459.

United States Court of Appeals
District of Columbia Circuit.

Argued June 27, 1967.

Decided Aug. 17, 1967.

Petition for Rehearing en Banc Denied
Oct. 26, 1967.

Mr. H. Graham Morison, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert S. Brady, Sp. Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

## JUDGMENT

Following conviction after a jury trial on a six-count indictment charging housebreaking, impersonation of a police officer, assault with a dangerous weapon and robbery, this appellant through able counsel has here urged reversal on the basis of errors which may be grouped as:

(1) Pretrial, in respect of alleged delay in appellant's presentation before a United States Commissioner in Pittsburgh, lack of counsel after his first appearance there and thereafter before trial, and alleged prejudice in the conduct of a line-up and other proceedings involving the appellant's identification, all prior to his removal to the District of Columbia; and

(2) Trial errors involving principally the prosecutor's opening statement reference to, and later evidence, proffered and finally received, that the appellant in the instant case and on certain other occasions had utilized a police uniform as part of a pattern of conduct out of which arose the offenses charged, a *"Luck"* question ruling of the trial judge respecting evidence of prior convictions, delay in proceeding to trial, and generally, deprivation of a fair trial;

and this case having come on for argument by respective counsel and this court having carefully considered the appellant's contentions then presented and as developed in the briefs of the parties and the appellant's reply brief, and after review of the record of the District Court,

being satisfied that there was no error affecting substantial rights, it is

Ordered by the court that the judgment of the District Court is affirmed.

## OPINION

PER CURIAM.

The record discloses ample evidence from which the jury could have discerned as salient facts that one Lincoln was aroused shortly after midnight on October 18, 1965, by the ringing of his doorbell. Looking out of his window he saw standing at his front door a man in a police uniform who said "Police. Someone stole your battery." Lincoln could see that the hood of his automobile had been raised. Turning on his porch light he again scrutinized his visitor, saw that it was, apparently, a policeman and opened the door. The pretext had succeeded. As the door was opened he saw that man had drawn a gun, and he then struck Lincoln with it and said "Holdup." Thereupon Lincoln struggled with the intruder, was shot in the hand, dragged into his kitchen and tied up. The assailant was Parker according to Lincoln, identified at the trial.

With the front door open, two more men entered. One of them tied up Mrs. Lincoln after threatening her with a knife.

Parker maintained surveillance over Lincoln as the other confederates ransacked the house. They found approximately $3,000. They lighted matches and burned Lincoln several times in their insistence that he disclose the location of yet additional funds.

In due course the three robbers left the house, Mrs. Lincoln worked herself free and then untied her husband.

Parker was arrested about one month later in Pittsburgh, Pennsylvania. Lincoln and a detective from the Metropolitan Police Department went to Pittsburgh and viewed a police line-up of six men where Lincoln identified Parker as his assailant. At the removal proceedings in Pittsburgh, Parker was represented by his own attorney.

The latter did not then call as a witness a Mrs. Everett who was nonetheless produced at trial to testify that Parker was at her home in Pittsburgh every day in the week in question; that he was in her house on the evening of Sunday, October 17, when she gave a party attended by five women friends whose names and addresses she supplied at trial. None had been called as witnesses in Pittsburgh before the commissioner or at trial. Mrs. Everett testified that also present were her 15-year-old son and a younger daughter neither of whom was produced.

Following removal to the District of Columbia, Parker was brought before the United States Commissioner, bail was set at $10,000 and the appellant was held for grand jury action. Following indictment on February 7, 1966, counsel was appointed to represent Parker.

No challenge was levied then or later concerning proceedings at the removal hearing in Pittsburgh.

After Mrs. Everett had testified to Parker's presence in Pittsburgh on the evening of October 17, 1965, the Government called as a witness one Mrs. Anderson. She testified that at her house in the District of Columbia, Parker had appeared in a blue uniform on October 15, 1965. On cross examination defense counsel brought out that Parker had been dressed in a police uniform when he appeared at the Anderson house and that he had tried to gain admittance on the pretext of investigating a reported disturbance there. She refused to allow Parker to enter, but she had placed him in Washington at a time and date when Mrs. Everett had testified that Parker was in Pittsburgh.

 We purposefully omit detailed discussion, for the factual background in support of the jury's verdict is ample. The alleged errors and the rulings complained of come fully within decisions of this court which are adverse to the contentions urged upon us and which are disposed of by our order.